Battle, J.
 

 The ease of Hall v. Whitaker, 7 Ired. 353, is a direct and -complete authority against the defendant’s ■objection, that the plaintiff was not a creditor of Whicker at the time -when ho was fraudulently removed. There is a slight -difference in the facts, but none in the principle, between that case and the present. Where a note is discounted .at Bank, the proceeds in money become the property of the person for whose accommodation the discount was made, and he has a right to apply it, as he may think proper. Whether with it, he pays off a judgment, obtained against him as surety, or an unpaid -note in bank, to which he is surety; whether he makes the payment in discharge of the judgment or the note, by a check on the bank, or by drawing out the money and paying it over, with his -own hands, must be immaterial. In either cáse, he -has, with his own money, paid the debt of his principal, and he thereby becomes, immediately, the creditor of such principal.
 

 The other errors assigned in the bill of .exceptions ar,e very properly abandoned in the argument here. But a motion is made to arrest the judgment, upon the ground that ■the declaration is in-debt, instead .of trespass on the case, as ■required by the Statute, 1 Rev. Stat. ch. .50, sec. 9. If the objection to the form of the pleading would have been ■good, at common law, the defect is remedied, by the compre* •hensive terms of our act “concerning the amendment of process, pleading and other proceedings at law.” 1 Rev. ■ Stat. ch. 3, sec. 5. But-we cannot discover any fatal error an the declaration. It commences and concludes, properly, ¡as in .trespass on -the case, 2 .Chit. Plead. ,596, and the ap*
 
 *49
 
 «parent resemblance it has in any part, to a declaration in :debt, is rendered necessary by th'e Statute, which enacts, that the plaintiff shallrecover “his debt.” It was not only proper, therefore, but .essential, that he should state, what ■his debt was.
 

 It might have been more technically appropriate to have inserted the words “ damages amounting to,” so as to make the declaration read, “ by reason of the premises, and by “ force of the Statute, in such case made and provided, the said John King became liable to pay, to the said plaintiff “
 
 damages amounting
 
 to the sum of $1161 56-100, being “the said debt” &c., but the omission of those words does not alter the meaning, and we think the declaration is sufficient, without them. But if we be wrong in this, it is clear, that the error alluded to is one of slight “mispleading ” or ■“insufficient pleading,” which, ,$£ter verdict, is cured by.our statute of amendnients..
 

 :The judgment is affirmed.